United States Bankruptcy Court
Southern District of Florida

In re:                                                                  Case No. 13-11914-AJC
Erick Manuel Castillo                                                   Chapter 13
Ana Mercedes Castillo
         Debtors

## CERTIFICATE OF NOTICE

District/off: 113C-1          User: reynoldsm          Page 1 of 1          Date Rcvd: Dec 09, 2013
                              Form ID: pdf004          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 11, 2013.
db/jdb      +Erick Manuel Castillo,   Ana Mercedes Castillo,   8515 NW 3rd Lane Apt. 1103,
             Miami, FL 33126-3865

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                         TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 11, 2013                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 9, 2013 at the address(es) listed below:
              Kenneth W. Lockwood, Esq.   on behalf of Creditor    Deutsche Bank National Trust Company, as
               Trustee for Sound view Home Loan Trust 2006-3 bk@dczahm.com
              Matthew T Bayard    on behalf of Debtor Erick Manuel Castillo mbayard@lsgmi.org.
              Matthew T Bayard    on behalf of Joint Debtor Ana Mercedes Castillo mbayard@lsgmi.org.
              Nancy K. Neidich     e2c8f01@ch13herkert.com
              Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
                                                                                             TOTAL: 5



**ORDERED in the Southern District of Florida on December 6, 2013.**

*A. Jay Cristol*

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

```
              UNITED STATES BANKRUPTCY COURT
               SOUTHERN DISTRICT OF FLORIDA

IN RE:                              CASE NO: 13-11914-BKC-AJC
ERICK MANUEL CASTILLO

ANA MERCEDES CASTILLO

           DEBTOR(S)
_____/
```

ORDER GRANTING DEBTOR'S MOTION TO MODIFY PLAN
AND APPROVING FOURTH  MODIFIED CHAPTER 13 PLAN

   THIS CASE came on to be heard on November 19, 2013 , on the Debtor's Motion to Modify Chapter 13 Plan after Confirmation, and based on the record, it is

   ORDERED as follows:
   1.  The Motion to Modify Plan is granted.  That the Debtor(s) FOURTH  Modified Plan meets all the provisions of the 11 U.S.C. Section 1325 and is, therefore, confirmed in accordance with its terms.
   2.  Any claim entitled to priority under 11 U.S.C. Section 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. Section 1322 (a)(2), with postpetition interest as required by 11 U.S.C. Section 506(b) payable on the secured portion of the claim.
   3.  The debtor(s) first monthly payment to the Trustee under the plan is to commence on February 28, 2013 .
   4.  Pursuant to 11 U.S.C. Section 554(a) and Local Rule 6007-1 (B)(2), the Trustee abandons any real or personal property of the Debtor(s) which is not included in the plan in which a creditor holds a security interest. The abandonment shall be deemed approved without necessity of

a hearing or order if no objection to the abandonment is filed and served upon the Debtor(s) and the Chapter 13 Trustee within 10 days after the entry of this order.  The party filing the objection shall comply with the provisions of Local Rule 9073-1 (C) in  scheduling a hearing on the objection.

    5.   If the Plan does not provide for payments to a secured creditor, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the debtor(s) which secures the creditor's claim.

    6.   Any executory contract or unexpired lease of the debtor(s) which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Chapter 13 Plan confirmed by this Order, is deemed rejected upon entry of this Order.

    7.   If the debtor(s) fails to timely make any plan payment to the Trustee, the Trustee may serve a Notice of Delinquency upon the debtor(s) and the debtor(s)' attorney. The debtor(s) shall have 45 days from the date of the Notice of Delinquency to make all payments due under the Plan, including any payments that become due within the 45-day period.  Debtor(s) seeking to cure the delinquency in a modified plan must file a motion to modify the confirmed plan within 15 days of the date of the Notice of Delinquency. If the debtor(s) are not current in their plan payments on the 45th day after the date of the Notice of Delinquency, the Trustee shall file and serve a report on non-compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the debtor(s) filing any new bankruptcy case for a period of 180 days from the entry of the order of dismissal.  The court will not extend these deadlines absent extraordinary circumstances.

    8.   To the extent the Plan sought a determination of valuation pursuant to Fed.R.Bankr.P. 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed proof of claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

###

PREPARED BY:

NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL  33027-9806

MATT BAYARD, ESQUIRE is directed to mail a conformed copy of this Order to all creditor and interested parties, including those listed above, immediately upon receipt thereof.